NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH JONES, DIEUNANE JEAN, JAYDEN JONES BY AND THROUGH HIS *guardian ad litem* DIEUNANE JEAN, JANIAH JONES BY AND THROUGH HER *guardian ad litem* DIEUNANE JEAN, JORDAN JONES BY AND THROUGH HIS *guardian ad litem*, AND JUSTIN JONES BY AND THROUGH HIS *guardian ad litem*, <br><br> Plaintiffs, <br><br> v. <br><br> MARVIN FRANCIS, CARLISLE CARRIER CORP., JOHN DOES 1-5 and ABC CORPS. 1-10, <br><br> Defendants. | Civil Action No. 13-04562 (SRC) <br><br> OPINION |

**CHESLER**, District Judge

This matter comes before the Court upon the Rule 12(b)(6) motion filed by Defendants Marvin Francis and Carlisle Carrier Corp. (collectively, "Defendants") to dismiss the punitive damages demand in Count One of the Complaint. [Docket Entry 6.] Plaintiffs Keith Jones, Dieunane Jean, Jayden Jones, Janiah Jones, Jordan Jones, and Justin Jones (collectively, "Plaintiffs") have opposed the motion. [Docket Entry 11.] The Court has considered the papers filed by the parties, and, pursuant to Federal Rule of Civil Procedure 78, rules on the motion without oral argument. For the reasons stated herein, Defendants' motion will be denied.

**I.    Background**

For purposes of the present motion, the Court accepts as true all well-pleaded facts in the Complaint. Pryor v. Nat'l Collegiate Athletic Assoc., 288 F.3d 548, 559 (3d Cir. 2002). This lawsuit arises from an April 18, 2013 automobile accident. Plaintiffs allege that they were travelling along Freeway Drive in East Orange, New Jersey when a commercial vehicle owned by Defendant Carlisle Carrier Corp. and driven by Defendant Marvin Francis struck their automobile. (Compl. ¶¶ 13, 17.) As a result of the collision, Plaintiffs' vehicle was thrown over a retaining wall and onto Interstate 280 twenty feet below. (Compl. ¶ 19.) Plaintiffs allege the collision was the result of the careless, negligent, and reckless operation, maintenance, or repair of Defendants' vehicle. (Compl. ¶ 17.) Each Plaintiff was hospitalized with substantial injuries.

Plaintiffs brought their personal injury and loss of consortium lawsuit in New Jersey Superior Court, demanding judgment for "compensatory damages, punitive damages, interest, costs of suit, attorney's [sic] fees, and other such relief as the Court may deem proper." (Compl. at 9-10 (First Count).) Because the parties are completely diverse and the Complaint requests damages well in excess of $75,000, Defendants removed to this Court. [Docket Entry 1.] Defendants have now moved under Rule 12(b)(6) to dismiss Plaintiffs' punitive damages request, arguing that under federal pleading standards and the New Jersey Punitive Damages Act Plaintiffs fail "to state a claim that would support the imposition of punitive damages . . . ." (Mov. Br. at 2.) In other words, Defendants do not argue that the Complaint fails to state a claim upon which relief can be granted, but instead take issue with the nature of the damages Plaintiffs request as one form of that relief.

II. Discussion

    A. **Standard of Review**

A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Following Iqbal and Twombly, the Third Circuit has held that, to prevent dismissal of a claim, the complaint must show, through the facts alleged, that the plaintiff is entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). While the Court must construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678.

    B. **Viability of Plaintiffs' Request for Punitive Damages**

Initially, the Court notes that Defendants' argument ascribes a breadth to the Supreme Court's Twombly and Iqbal decisions that is not warranted by the language of those cases or, in fact, Federal Rule of Civil Procedure 8(a) itself. As demonstrated in the standard of review section that accompanies this and every other opinion on a Rule 12(b)(6) motion, the "plausibility" pleading regime addresses the types of facts a plaintiff must allege to make out a

cause of action, not the types of damages the alleged cause of action may eventually warrant. Indeed, nothing in Twombly, Iqbal, or their progeny refers to pleading requirements for damages requests at all; instead, the cases themselves analyze the well-pleaded facts exclusively in the context of the elements of the alleged cause of action.  See Iqbal, 556 U.S. at 680, 687 ("Rule 8 does not empower respondent to plead the bare elements of his cause of action [for invidious discrimination] . . . and expect his complaint to survive a motion to dismiss."); see also Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) ("a court must . . . look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements [a plaintiff must plead to state a claim] are sufficiently alleged").  In sum, once a civil complaint shows a claim to be "facially plausible," Fowler, 578 F.3d at 210, nothing in Rule 8 or its judicial gloss suggests, let alone requires, that this Court scrutinize the damages requested by plaintiff as redress for that claim.

This conclusion is not altered by Defendants' reliance on New Jersey's Punitive Damages Act, N.J. Stat. Ann. § 2A:15-5.9 to -5.17.[1] Under the Act, punitive damages may be awarded only if the plaintiff "proves by clear and convincing evidence" that the harm suffered was the result of acts or omissions "actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed . . . ." Id. at § 2A:15-5.12(a).  This burden of proof, Defendants argue, requires Plaintiffs to have plead "facts as to defendants' intentional, willful, or wanton conduct . . . within the four corners of the Complaint." (Mov. Br. at 3.)

Defendants' argument fails.  The excerpt from the Punitive Damages Act upon which Defendants rely is, quite simply, an "evidentiary inquiry," since "it defines the quantum of proof

---

[1] The parties do not dispute that New Jersey law applies here.

[Plaintiffs] must present" on the issue of punitive damages.  See Fowler, 578 F.3d at 213.  "Under the Federal Rules of Civil Procedure," however, "an evidentiary standard is not a proper measure of whether a complaint fails to state a claim."  Id. (citing Powell v. Ridge, 189 F.3d 387, 394 (3d Cir. 1999)).  Should the opportunity arise in this case, Defendants can move under Rule 56(a) for summary judgment on the issue of punitive damages if Defendants believe Plaintiffs have failed to adduce proofs sufficient to carry their burden under New Jersey law.  The Court, however, will not force Plaintiffs to use their pleadings to do so.[2]

The Court also notes that punitive damages in the case of an automobile accident, while rare, are not out of the realm of possibility.  Punitive damages awards been upheld where, for instance, an oil truck struck and killed a motorist and the nominal plaintiff submitted "substantial proof" that the truck was driven by an highly inexperienced driver who knew the brakes were not working but had not been trained how to fix them.  Smith v. Whitaker, 713 A.2d 20, 34-35 (N.J. Super. Ct. App. Div. 1998).  Elsewhere, the Appellate Division has held presenting proof that a driver who caused an accident was intoxicated plus evidence of "separate aggravating circumstances" creates a jury question on the issue of punitive damages.  See Dong v. Alape, 824 A.2d 251, 259 (N.J. Super. Ct. App. Div. 2003).  In short, a lawsuit arising from what may seem like "a simple motor vehicle accident" (see Mov. Br. at 3), may in fact turn out to be something more.  Then again, it might not.  It follows that the Court should not decide the availability or unavailability of punitive damages as a matter of law on a motion to dismiss, and Defendants'

---

[2] The Punitive Damages Act requires that a plaintiff specifically request a punitive damages award in the complaint.  N.J. Stat. Ann. 2A:15-5.11.  It stands to reason that if the New Jersey legislature intended for a heightened pleading standard – say, one which approximates an evidentiary burden of proof – to apply to such a request, the legislature would have said so.  Instead, the Punitive Damages Act, as written, deals with pleading and proving punitive damages in two separate and entirely unrelated sections.

motion is thus denied.[3]

### III. Conclusion

For the reasons stated herein, the Court will deny Defendants' motion to dismiss the request for punitive damages contained in Plaintiffs' Complaint. An appropriate form of Order will be filed.

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: October 11, 2013

---

[3] Were the Court to accept Defendants' argument, every request for damages, including standard fare like attorneys' fees or "such other relief as the Court may deem proper," (see, e.g., Compl. at 10), could be attacked at the motion to dismiss stage, on the theory that the facts alleged did not support a claim for such a remedy. Requests for this type of relief, while boilerplate, embody a central tenet of notice pleading under the federal rules, even post Twombly and Iqbal – once a plaintiff plausibly states his cause of action, subsequent discovery may reveal facts that bring to light previously unknown but nevertheless appropriate redress.